UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY DEMAURO, ET AL.,

        Plaintiffs,

v.                      Case No.  8:10-cv-413-T-33AEP

THE LIMO, INC., ET AL.,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants' Motion to Dismiss Minimum Wage Claim (the "Motion" Doc. # 9), filed on March 12, 2010.  Plaintiffs filed a Response in Opposition to the Motion on March 23, 2010. (Doc. # 12).  For the reasons that follow, the Court will grant the Motion.

**I.**    **Factual Background and Procedural History**

Plaintiffs are sedan drivers who transported Defendants' clients in the Tampa Bay area. (Doc. # 1 at 2). Defendants are The Limo, Inc. and Veolia Transportation Services, Inc. (Doc. # 10 at 1-2). Plaintiffs allege that Defendants failed to compensate them for overtime and failed to pay at least the minimum wage. (Doc. # 1 at ¶ 11).

On February 2, 2010, Plaintiffs filed a complaint against Defendants containing the following counts: recovery of

1

overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), ("FLSA") (count one), recovery of the Federal minimum wage also pursuant to the FLSA, (count two), and recovery of the Florida minimum wage under the Article X, Section 24 of the Florida Constitution (hereafter, "the Amendment") (count three).

Defendant filed the Motion on March 12, 2010, seeking dismissal of count three and arguing that Plaintiffs failed to notify Defendants of their intent to file a lawsuit pursuant to the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"). Plaintiffs counter that the pre-suit notice requirement of the FMWA is unconstitutional and, thus, not a valid basis for dismissal of count three. The Court will address these arguments below.

**II.   Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint

2

and all reasonable inferences therefrom are taken as true.").
However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. Analysis

#### A. Minimum Wage Count Under the Florida Constitution

Florida citizens added Amendment X, Section 24 to the Florida Constitution during the general election on November 2, 2004. The "Public Policy" section of the Amendment states, "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." Id.

3

Thus, Florida citizens enshrined in their Constitution the requirement that "[e]mployers shall pay Employees Wages no less than the Minimum Wage for hours worked in Florida." Fla. Const. Art. X, § 24(a)-(c). To enforce this entitlement, the Amendment expressly details the right of civil action by employees against their employers that fail to pay the minimum wage:

> (e) Enforcement. Persons aggrieved by a violation of this amendment may bring a civil action in a court of competent jurisdiction against an Employer or person violating this amendment and, upon prevailing, shall recover the full amount of any back wages unlawfully withheld plus the same amount as liquidated damages, and shall be awarded reasonable attorney's fees and costs.

Fla. Const. Art. X, § 24(e).

In the present action, Plaintiffs bring a claim for unpaid Florida minimum wages against Defendants pursuant to subsection (e). (Doc. # 1 ¶ 28). Defendants argue that the Florida minimum wage claim should be dismissed because Plaintiffs failed to provide notice about this suit to Defendants pursuant to the Amendment's implementing legislation, the FMWA. (Doc. # 9 at 1-2).

Subsection (f) of the Amendment grants the state legislature the power to "adopt any measures appropriate for the implementation of this amendment." Fla. Const. Art. X, §

4

24(f).[1]  On December 12, 2005, the state legislature adopted the FMWA to provide measures appropriate for the implementation of the Amendment.

One of the measures adopted under the FMWA requires that "prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action." Fla. Stat. § 448.110(6)(a).  The purpose of this measure is to provide employers the opportunity to satisfy the minimum wage claim with the employee before the matter reaches the courts.  Fla. Stat. § 448.110(6)(b).[2]

Defendants point out that Plaintiffs have not alleged fulfillment of the written notice requirement pursuant the FMWA, and argue that Plaintiffs cannot maintain a cause of action for unpaid minimum wages under the Florida

---

[1] Importantly, the same section points out that while implementing legislation may be passed, it is "not required to enforce this amendment." Id.

[2] More specifically, subsection (b) provides employers a window of "15 calendar days after the receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." Id. If, at the end of the 15 day period, the employer has failed to pay the unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved, then the employee may bring a claim for unpaid minimum wages. Id.

Constitution. Plaintiffs counter that the FMWA's pre-suit notice provision is unconstitutional.

Defendants and Plaintiffs each rely on different, directly conflicting opinions, issued by courts in the Southern and Middle District of Florida, focusing on the necessity of satisfying the pre-suit notice requirement of the FMWA.

### B. **Divergent Holdings Regarding Pre-Suit Notice**

Plaintiffs rely on Throw v. Republic Enter. Health Sys., Inc., Case No.: 8:06-cv-724-T-30TBM, 2006 U.S. Dist. LEXIS 46215 (M.D. Fla. June 30, 2006). There, the court held that "it is not necessary for the Plaintiff to fulfill the notice requirements found in § 448.110(6)(a) in order to allege a violation of Section 24, Article X of the Florida Constitution." Id. at *7.

The main thrust of the court's analysis demarcated the limits by which the state legislature could adopt appropriate measures pursuant to the Amendment. Id. The court began by reciting the well-settled rule that "the Constitution cannot be modified, amended or repealed by legislative enactments. . . except by amendment." Id. at *6 (citing Sparkman v. State ex rel. Scott, 58 So.2d 431, 432 (Fla. 1952)). Also, in determining whether statutes, like the FMWA pass

6

constitutional muster, the court examined the practical effect and operation of the statute. Throw, at *6 (citing Gray v. Cent. Fla. Lumber Co., 141 So. 604, 604 (Fla. 1932)).

Evaluating the practical effect and operation of the FMWA, the court determined that the pre-suit notice requirement "imposes an additional requirement beyond that required under [the Amendment]". Throw, at *5. The Amendment not only created a constitutional right to a minimum wage in Florida, but, also, created a constitutional right entitling all persons to bring a civil action with no requirement that pre-suit notice be given to employers. Id. at *6.

Thus, the court determined that, under the FMWA, the state legislature impermissibly modified the Amendment by adding a requirement that must be fulfilled before an aggrieved party may exercise a right previously granted by the Constitution. Id. The court held that the plaintiff did not need to satisfy the pre-suit notice requirement in order to allege a violation of the Amendment. Throw, at *7.

In addition, other courts in the Middle District of Florida have authored opinions relying on Throw and holding that it is not necessary for a plaintiff to fulfill the pre-suit notice requirements found in the FMWA in order to bring an action for unpaid Florida minimum wages under the

7

Amendment. <u>Bifulco v. Cont'l Foods, Inc. of Fla.</u>, Case No.: 8:09-cv-548-T-26AEP (M.D. Fla., Tampa Division, April 1, 2009); <u>Monson v. MLM Int'l Servs., Inc.</u>, Case No.: 2:09-cv-154-UA-26SPC (M.D. Fla., Fort Myers Division, April 16, 2009).

Defendants, on the other hand, counter that the FMWA's pre-suit notice requirement must be fulfilled prior to bringing a claim to recover unpaid Florida minimum wages. Defendants adopt the reasoning of <u>Resnick v. Oppenheimer & Co.</u>, Case No. 07-cv-80609, 2008 U.S. Dist. LEXIS 1163 (S.D. Fla. Jan. 8, 2008) which, in direct contrast with <u>Throw</u>, dismissed the plaintiff's Florida minimum wage claim for failure to satisfy the pre-suit notice requirement of the FMWA. <u>Resnick</u>, at *10.

The court in <u>Resnick</u> reasoned that the pre-suit notice requirement did not modify the constitutional right to a minimum wage because the Amendment granted in the state legislature the power to enact measures to enforce the constitutional right. <u>Id.</u> The <u>Resnick</u> court further held that the pre-suit notice requirement is a measure consistent with the constitutional right to a minimum wage and, therefore, an enforceable prerequisite to asserting a claim for unpaid

8

minimum wages. Id.[3]

In considering these divergent holdings concerning the pre-suit notice requirement of the FMWA, the Court considers whether it should decline to exercise supplemental jurisdiction over this novel issue of state law.

### C. Supplemental Jurisdiction

It is appropriate for the Court to consider sua sponte whether to decline to exercise supplemental jurisdiction over Plaintiffs' claim for unpaid Florida minimum wages.[4] In addition to the split between the Middle and Southern District of Florida regarding the pre-suit notice requirement, neither the Florida Supreme Court nor any of the Florida District

---

[3] The Resnick court recognized that "where a statute 'violates expressly or clearly implied mandates of the Constitution, the act must fall.'" Id. at *7 (citing Holley v. Adams, 238 So.2d 401, 405 (Fla. 1970)). However, the Resnick court determined that the pre-suit notice requirement does not present such a case. Rather, the court explained, "A statutory provision which fully protects the right of the worker to full compensation, yet seeks to encourage prompt resolution of wage disputes short of litigation, is fully consistent with the constitutional right and the grant of authority to the legislature to pass legislation implementing that right." Id.

[4] In German v. Eslinger, Case No. 6:08-cv-845-Orl-22GJK, 2008 U.S. Dist. LEXIS 59894, at n.1 (M.D. Fla. July, 25, 2008), the court recognized that although the district court is not required sua sponte to consider whether to exercise supplemental jurisdiction, the better practice is for it to do so. Id. (citations omitted).

9

Courts of Appeal have weighed in on the issue of whether the FMWA's pre-suit notice requirement is necessary to establish a claim for unpaid Florida minimum wages under the Florida Constitution.

This Court has supplemental jurisdiction over the Florida minimum wage claim; however, the court may decline to exercise jurisdiction if the issue in question satisfies the two-part test explained in Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1569 (11th Cir. 1994). First, while a court ordinarily must exercise supplemental jurisdiction, it may chose not to when: (1) the state claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction Id. (citing 28 U.S.C. § 1367(c)).

Second, once a court decides if any of the § 1367(c) factors apply, it must then decide whether or not to exercise jurisdiction in consideration of the judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together. Palmer, 22 F.3d

10

at 1569.

First, the pre-suit notice issue under the FMWA satisfies the novel and complex issue of state law standard under § 1367(c)(1). No Florida state court has decided whether the pre-suit notice requirement must be satisfied in order to bring an action for unpaid minimum wages pursuant to the Florida Constitution. Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc., Case No. 6:08-cv-926-Orl-31KRS, 2009 U.S. Dist. LEXIS 125770, at *17 (M.D. Fla. May 19, 2009)(explaining that the absence of binding precedent from either the Florida Supreme Court or any Florida District Courts of Appeal weighs in favor of a determination that the pre-suit notice requirement is a novel and complex issue of Florida law).

In addition to the directly opposite views between the Middle and Southern District courts concerning the validity of the pre-suit notice requirement, the "lack of analogous pre-suit notice provision in the FLSA that could provide interpretive guidance" evidences that the pre-suit notice requirement constitutes a novel and complex issue of state law. Id.; see also German, 2008 U.S. Dist. LEXIS 59894, at *3 (declining to exercise supplemental jurisdiction because the state claims required different elements of proof than the federal claim).

11

Second, the Court notes that "judicial economy and fairness to the parties are not served if the Court makes several essentially first-impression decisions about novel and complex state law issues." Kwasnik, 2009 U.S. Dist. LEXIS at *17. As explained in United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966), "Needless decisions of state law should be avoided both as matter of comity and to promote justice between the parties, by procuring them a sure-footed reading of applicable law."

Thus, for the reasons stated above, the Court declines to exercise jurisdiction over Plaintiffs' Florida minimum wage claims.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motion to Dismiss Minimum Wage Claim (Doc. # 9) is **GRANTED** to the extent that the Court declines to exercise supplemental jurisdiction over count three of the complaint.

(2) Plaintiffs may file their Florida minimum wage claim in state court.[5]

---

[5] If Plaintiffs opt to re-file their Florida minimum wage claim in state court, it should be noted that the state court also has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>17th</u> day of June 2010.

VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

13