UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY DEMAURO, and BORA
PAVLOVIC,

       Plaintiffs,

v.                            Case No.  8:10-cv-413-T-33AEP

THE LIMO, INC., and VEOLIA
TRANSPORTATION SERVICES, INC.,

       Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs'
Motion to Conditionally Certify Collective Action and
Facilitate Notice to Potential Class Members (Doc. # 13),
which was filed on April 1, 2010.  Defendants filed a response
in opposition to the motion on July 7, 2010 (Doc. # 33), and
Plaintiffs filed a reply memorandum (Doc. # 41) on July 23,
2010.  Various supplements and declarations related to the
class certification proceedings are also before the Court.
For the reasons that follow, the Court denies Plaintiffs'
motion for conditional class certification.

I.   **Factual Background**

Plaintiffs Jeffrey Demauro and Bora Pavlovic are sedan
drivers who transported Defendants' clients in the Tampa Bay
area. (Doc. # 1 at ¶ 2).  Defendants are The Limo, Inc. and

1

Veolia Transportation Services, Inc. (<u>Id.</u> at ¶ 3-4).
Plaintiffs allege that Defendants failed to compensate them
for overtime and failed to pay at least the minimum wage. (<u>Id.</u>
at ¶ 11).

On February 2, 2010, Plaintiffs filed a complaint against
Defendants containing the following counts: recovery of
overtime compensation pursuant to the Fair Labor Standards
Act, 29 U.S.C. § 216(b) (count one), recovery of the Federal
minimum wage also pursuant to the FLSA, (count two), and
recovery of the Florida minimum wage under the Article X,
Section 24 of the Florida Constitution (count three). (Doc. #
1). On June 17, 2010, the Court entered an Order in which it
declined to exercise jurisdiction over Plaintiffs' Florida
Minimum Wage Claim, thus dismissing count three of the
complaint. (Doc. # 27 at 12).

At this stage of the proceedings, Plaintiffs seek
conditional certification of this case as a collective action
consisting of all current and former "owner/operator" drivers
employed by Defendants as independent contractors throughout
the United States who were paid per trip and who were not paid
full minimum wages or overtime compensation over the last

2

three years.[1]

Defendants oppose class certification at both the local and national level.  Defendants argue that a national class is not appropriate because Plaintiffs offer only Tampa, Florida opt-in forms and declarations.[2]  Defendants also contend that certification of a local class would be inappropriate because: "the determination of whether Plaintiffs are independent contractors or employees requires an individual inquiry into the 'economic realities' of each Plaintiff's working

---

[1] As correctly noted by Defendants, Plaintiffs' proposed class definition varies throughout the motion for class certification.  For instance, Plaintiffs initially define the proposed class as "all 'owner/operator' drivers employed by Defendants over the last three years." (Doc. # 13 at 1). Plaintiffs then modify the class to include: "the limited class of drivers classified as independent contractors who were paid per trip during their employment within the statute of limitations, and who were not paid full and proper minimum wages or overtime compensation for hours worked over forty (40) in a workweek." (Id. at 1-2).  Later, Plaintiffs identify the class as "all ExecuCar drivers who were classified as independent contractors and who were subjected to Defendants' unlawful pay practices of failing to pay proper minimum wages and overtime wages to all ExecuCar drivers." (Id. at 4). Finally, in Plaintiffs' wherefore clause, Plaintiffs define the class as "current and former ExecuCar drivers who worked for Defendants between February 11, 2007 and the present." (Id. at 22).  This Order denies Plaintiffs' class certification motion. Therefore, further discussion of the proposed class definition is not required.

[2] Plaintiffs initially submitted the declarations of Phoenix, Arizona drivers, but later withdrew them. (Doc. # 66, 67).

experience and Plaintiffs have not demonstrated that they are 'similarly situated' to their proposed class." (Doc. # 33 at 2). Furthermore, Defendants assert that Plaintiffs have not properly defined the proposed class and have submitted an improper notice and consent form.

As will be discussed below, it will not be necessary for the Court to analyze each of Defendants' contentions because the Court determines that conditional class certification is not warranted.

## II. **Legal Standard**

The FLSA expressly permits collective actions against employers accused of violating the FLSA's mandatory overtime provisions. See 29 U.S.C. § 216(b) ("[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.")  In prospective collective actions brought pursuant to Section 216(b), potential plaintiffs must affirmatively opt into the collective action. Id. ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.")

Pursuant to Section 216(b), certification of collective

4

actions in FLSA cases is based on a theory of judicial economy by which "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged" activity. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

In making collective action certification determinations under the FLSA, the Eleventh Circuit has suggested a two-tiered approach:

> The first determination is made at the so-called notice stage. At the notice stage, the district court makes a decision - usually based only on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for decertification by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th

Cir. 2001)(internal citations and quotation marks omitted).[3]

To maintain a collective action under the FLSA, Plaintiffs must demonstrate that they are similarly situated. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008). Similarly situated employees must affirmatively opt into the litigation by giving their consent in writing and filing their consent in the court in which such action is brought. 29 U.S.C. § 216(b).

At the notice stage, the Court should initially determine whether there are other employees who desire to opt into the action and whether the employees who desire to opt in are similarly situated. Morgan, 551 F.3d at 1259; Dybach v. State of Fla. Dep't of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991). This determination is made using a "fairly lenient standard." Hipp, 252 F.3d at 1218. The Plaintiffs bear the burden of showing a reasonable basis for the claim that there are other similarly situated employees and must offer "detailed allegations supported by affidavits which

---

[3] Although the Eleventh Circuit recommended district courts utilize the two-tiered approach, the court noted that nothing in this circuit's precedent required district courts to utilize it. Hipp, 252 F.3d at 1219. In fact, the court in Hipp emphasized that the decision of whether to create an opt-in class under Section 216(b) "remains soundly within the discretion of the district court." Id.

successfully engage defendants' affidavits to the contrary."
<u>Morgan</u>, 551 F.3d at 1261 (internal citations omitted).
Essentially, at this stage of the proceedings, the Court must
determine whether there are other of Defendants' drivers who
are similarly situated and who desire to opt in. <u>Dybach</u>, 942
F.2d at 1567-68.

## III. <u>Analysis</u>

To demonstrate the need for class certification,
Plaintiffs have filed fourteen consents to join a collective
action and nine declarations.[4]  Thus, the Court is satisfied
that other individuals exist who desire to opt into the
present suit.  However, the issue of whether Plaintiffs have
demonstrated a reasonable basis for the claim that these
individuals are similarly situated remains for judicial
adjudication.

The declarations filed in support of the motion for class

---

[4] The following individuals have filed a "Consent to Join
Collective Action and be Represented by Morgan and Morgan
P.A.": Jeffrey Demauro, Bora Pavlovic, William Swift, George
Friel (Doc. # 3); Amer Cengic, Gasan Mustafa (Doc. # 4);
Charles Cardillo, Roy McDonald, Kevin Flood (Doc. # 5);
Housine Mullah (Doc. # 23); Randall Reed (Doc. # 24); Judson
Murphy (Doc. # 28); Joseph Harmon (Doc. # 40); and Edward
Smith (Doc. # 68).  Declarations were filed by Jeffrey
Demauro, Bora Pavlovic, Kevin Flood, Charles Cardillo, Amer
Cengic, George Friel, William Swift, Roy McDonald, and Gasan
Mustafa. (Doc. # 13-2, 17).

certification generally state that each declarant: (1) worked for Defendants as a sedan driver; (2) was classified as an independent contractor or "owner/operator;" and (3) was not paid overtime compensation.  Some of the declarants contend that they were not paid minimum wage (i.e. Jeffrey Demauro), while others did not mention minimum wage in their declarations (i.e. Bora Pavlovic).

The affidavits, however, do not carry the day.  As correctly crystalized by Defendants, "the key issue in this case is whether owner-operators were properly classified as independent contractors rather than employees." (Doc. # 33 at 8).  This is because the FLSA only applies in the context of an employer-employee relationship, and does not apply in the instance of an independent contractor. See 29 U.S.C. § 206-207.

The test used by courts to determine whether an individual is an independent contractor, rather than an employee, is known as the "economic realities test." Perdomo v. Ask 4 Realty & Mgmt, Inc., 298 F. App'x 820, 821 (11th Cir. 2008).  The economic realities test factors include: (1) the nature and degree of the defendant's control as to the manner in which the work is performed; (2) the plaintiff's opportunity for profit or loss depending on his managerial

8

skill; (3) the plaintiff's investment in equipment or materials; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; and (6) the extent to which the service rendered is an integral part of the defendant's business. Freund v. Hi-Tech Satellite, Inc., 185 F. App'x 782, 783 (11th Cir. 2006). No single factor is dispositive and courts must evaluate each individual under the totality of the circumstances. Perdomo, 298 F. App'x at 821.

As this Court has previously noted, "class certification issues cannot be decided in a vacuum." West v. Verizon, Inc., Case No. 8:08-cv-1325-T33MAP, 2009 U.S. Dist. LEXIS 82668, at *11 (M.D. Fla. Sept. 10, 2009). Although each Plaintiff and opt in driver have the same position as an ExecuCar driver, the individualized analysis needed to determine whether each driver is an independent contractor or employee for FLSA purposes precludes class certification.

The economic realities test is fact intensive and requires individualized analysis. Accordingly, a number of courts have determined that whether an individual is an independent contractor or an employee is not appropriate for determination on a class-wide basis. This Court denied class certification on this basis, among others, in West v. Verizon

9

"it appears the potential plaintiffs are not similarly situated and, rather, an individualized inquiry would be required for each [worker].  The need for individualized inquires would contravene the basic theory of judicial economy upon which the certification of collective actions is based." West v. Verizon, Case No. 8:08-cv-1325-T-33MAP, 2009 U.S. Dist. LEXIS 82665, at *12 (M.D. Fla. July 20, 2009).

The case of Pfaahler v. Consultants for Architects, Inc., Case No. 99-C-6700, 2000 U.S. Dist. LEXIS 1772 (N.D. Ill. Feb. 8, 2000) also serves as a persuasive example.  There, the court denied class certification as follows:

> [Pfaahler] has failed to demonstrate any basis for a finding that he is similarly situated with other potential claimants.  Liability in Pfaahler's case will turn on whether Pfaahler is an "independent contractor" or an "employee" within the meaning of the FLSA.  The same is true for every potential claimant included in the collective action. . . . In order to determine who is an independent contractor and who in an employee, the court would be required to make a fact-intensive, individual determination as to the nature of each potential claimant's relationship with [defendant] . . . . Where this is the case, certification of a collective action under the FLSA is inappropriate.

Id. at *4; See also Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265, 1274 (M.D. Ala. 2004)(denying class certification in an FLSA case: "the court is not satisfied that conditionally certifying a nationwide collective action, or even a regional

10

collective action, will partake of the economy of scale envisioned by the FLSA collective action procedure.")

Defendants have provided a lengthy discussion of each of the economic realities test factors, and how each declarant and potential opt in plaintiff varies under each factor.[5] It is not necessary, however, for the Court to provide detailed analysis of each factor. The Court has reviewed each declaration and agrees that each individual who may seek to join this case will be examined separately in order to determine whether such individual is an employee or an independent contractor. This necessarily individualized assessment eviscerates all notions of judicial economy that would otherwise be served by conditional class certification. Accordingly, the Court denies the motion for class certification, finding that neither a local nor a national class of ExecuCar divers would be appropriate under the

---

[5] Defendants have also filed numerous declarations of ExecuCar drivers who do not claim to be employees, but rather who state that they prefer to be independent contractors who are not entitled to the FLSA's overtime provisions. See e.g., Declaration of Michael Stone: "I prefer to be an independent contractor with ExecuCar rather than an employee because I enjoy the flexibility and freedom that comes with operating as an independent contractor, such as setting my own schedule and determining how much or how little I want to work, and being able to reject jobs that ExecuCar offers me." (Doc. # 33-3 at ¶ 14).

circumstances of this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Doc. # 13) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u> day of January 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

12